**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JACK DOUGLAS HENRY,

   Plaintiff,

vs.            No.  CV 00-565 JP/KBM

PHILIP EHLY, JANICE EHLY,
PHILIP EHLY, SR. and ARLENE EHLY,

   Defendants.

**<u>MEMORANDUM OPINION AND ORDER</u>**

   THIS MATTER is before the Court on the following pending motions:  (1) Motion by Defendants Philip Ehly and Arlene Ehly to Substitute Party, filed June 6, 2000 (Doc. No. 8); (2) Motion by Defendants Philip Ehly Sr. and Arlene Ehly for Summary Judgment, filed September 13, 2000 (Doc. No. 23); (3) Motion by Plaintiff for Extension of Time, filed October 2, 2000 (Doc. No. 40); (4) Motion by Plaintiff for Sanctions - Exclusion of Expert Testimony, filed November 28, 2000 (Doc. No. 51); (5) Motion by Defendant Philip Ehly and Janice Ehly to Amend their Answer to Plaintiff's First Amended Complaint to Recover Damages for Personal Injury, filed January 5, 2001 (Doc. No. 56); and (6) Motion by Defendants Philip and Janice Ehly in Limine To Exclude All or Part of the Testimony of Wendell Hull, filed January 16, 2001 (Doc. No. 60).  After carefully considering the pleadings, facts of record, arguments of counsel, and applicable law, I find that the motion for summary judgment is well-taken and should be granted. This ruling renders moot the motion to substitute and the motion for extension of time.  I further find that the motion for sanctions should be denied, and that the motion to amend answer should be denied.  A hearing has been set on the motion in limine.

*Background.*  This is a tort case in which the Plaintiff seeks to recover damages for personal injuries allegedly caused by a slip and fall at the Phil Ehly Agency in Truth or Consequences, New Mexico on March 3, 2000.  The Amended Complaint alleges that the property is owned by the first-named Defendants, Philip Ehly and Janice Ehly, and that the remaining two Defendants, Philip Ehly, Sr. and Arlene Ehly, were in possession and control of the premises at the time of the incident under a lease from the owners.  Defendant Philip Ehly is the son of Defendants Philip Ehly, Sr. and Arlene Ehly.  The incident allegedly occurred as Plaintiff was leaving the insurance agency office when he slipped and fell on a staircase leading from an external walkway down to the parking lot.  Federal jurisdiction is based on the diversity of citizenship of the parties, 28 U.S.C. § 1332(a)(1), and is not disputed.

*Defendants' Motion for Summary Judgment and Plaintiff's Motion For Extension of Time.*  Defendants Philip Ehly, Sr. and Arlene Ehly seek summary judgment, contending that as lessees of an office in a building containing several other businesses, they owed no duty to the Plaintiff, who allegedly was injured when he fell on stairs in a common area maintained exclusively by the owner, Defendant Philip Ehly (the son).

A court should grant summary judgment only if there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).  The Supreme Court has observed that a genuine issue of material fact exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  Initially, the moving party carries the burden of establishing that "there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  The burden then shifts to the party opposing

2

the motion, who must come forward with evidence, beyond mere allegations or denials of the

pleadings, which shows that a genuine issue of material fact exists.  Bacchus Indus., Inc. v. Arvin

Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991).  In deciding a motion for summary judgment,

courts should "examine the factual record and reasonable inferences therefrom in the light most

favorable to the party opposing summary judgment."  Applied Genetics Int' l, Inc. v. First

Affiliated Sec., Inc, 912 F.2d 1238, 1241 (10th Cir. 1990).

The following facts are undisputed.  Plaintiff went to the Phil Ehly Agency on March 3,

2000 to inquire about insurance for his bar in Hillsboro, N.M.  He was informed that Farmers

Insurance Company, for whom Philip Ehly, Sr. (the father) was an agent, did not write coverage

for bars.  Plaintiff then left the agency office, and proceeded along a walkway on the outside of

the building, and then down some stairs leading to the parking lot.  He fell while descending the

stairs.  Other businesses besides the Phil Ehly Agency were located in the same building.

Two material facts are disputed by Plaintiff.  The first is whether the stairs where the

accident occurred was considered a common area of the building, and the second is whether the

lease between the father and son shifted responsibility for the maintenance and repair of common

areas from the owner to the tenant.  Thus, Plaintiff attempts to raise questions of fact as to

whether the terms of the lease included a shifting of responsibility to the tenant, and whether the

place where Plaintiff fell was in a common area of the building.

Defendants contend that as between a landlord and tenant, the landlord is responsible for

injuries that occur in a common area of a building unless by the terms of a lease the responsibility

is shifted to the tenant.  If I understand them correctly, Defendants assert that there was no

written lease between the landlord and the tenant on the date of the accident, and that the oral

3

lease terms did not shift responsibility to the tenant to repair or maintain the building's common areas.

As a preliminary matter, Plaintiff moved for an extension of time to file his complete response to the motion for summary judgment, and filed an affidavit under Rule 56(f) as to why he could not respond fully to the summary judgment motion.  He stated he needed the deposition testimony of both the father and the son on the two disputed issues.  Because of the passage of time, Plaintiff has now had a full opportunity to depose both Defendants, and in his reply brief to his motion for extension of time, Plaintiff sets forth his full response to the motion for summary judgment in what he calls a "Proposed Supplemental Memorandum in Opposition to Motion for Summary Judgment."  I will accept this pleading along with Plaintiff's initial response as Plaintiff's complete opposition to the motion for summary judgment.  Thus the motion for extension of time is moot and the motion for summary judgment is fully briefed and ready for decision.

In his "Supplemental Statement of Facts," Plaintiff lists 22 facts, most of which are immaterial to the motion for summary judgment.  The facts include that Philip Ehly (the son) sold his Farmer's Insurance Agency contract, customer list, and policies to Philip Ehly, Sr. (the father) in January 2000, after which the father went into possession of part of the rental space inside the building in Truth or Consequences, New Mexico where the accident occurred.  The son continues to use the same offices occasionally for his own insurance business with a different insurance company (the father is the only Farmer's agent).  According to the father, the only agreement with his son is to pay $450.00 per month for the use of three offices, and there was no discussion pertaining to the repair or maintenance of any of the exterior portion of the building, including the

4

walkways or stairways or parking lot.  Also, there was no communication on the subject of the common areas.

Under New Mexico law, which applies in this diversity case, the owner of real property is responsible for injuries that occur in an area that is expressly or impliedly reserved for the use in common by different tenants.  Torres v. Piggly Wiggly Shop Rite Foods, Inc., 93 N.M. 408, 410, 600 P.2d 1198, 2100 (Ct. App. 1979); Hogsett v. Hannah, 41 N.M. 22, 35, 63 P.3d 540, 548 (1936).  *See also* Stetz v. Skaggs Drug Centers, Inc.. 114 N.M. 465, 468, 840 P.2d 612, 615 (Ct. App. 1992) (it is black letter law that mall owner, not various shopkeepers, has legal responsibility for conditions in common areas of shopping center).  UJI 13-1315, NMRA (2001) provides:  "A landlord must use ordinary care to keep the _____ (stairs, hallway or other common premises) in a safe condition for the purposes for which the _____ (stairs, hallway or other common premises) were intended."  The directions for the use of this jury instruction provide:  "This instruction should be used where the injury occurs in a portion of the building reserved for common use."

Only if the lease agreement granted the tenant exclusive control, or if the tenant actually exercised control over the common areas, would liability shift from the owner to the tenant. Torres, 93 N.M. at 410, 600 P.2d at 1200.  *See also* Stetz, 114 N.M. at 468, 840 P.2d at 615 (tenant owes no duty for injury occurring in common area outside its store where lease terms did not shift duty to maintain or make repairs from owner to tenant).

Plaintiff argues that the term "common area" is not defined, and he maintains that there is a disputed question of fact as to the "real issue" of "whether the walkway was reserved for the use in common of the different tenants by implication and, in addition, whether the landlord fully parted with possession of the premises."  Pl. Reply at 10.  However, he presents no evidence that

5

the place where the accident occurred was not considered a common area in use by other tenants of the building.  There can be no dispute that an outside stairway leading from the parking lot onto an exterior walkway that leads into the building, not into any one office in the building, is a common area shared by all tenants in the building.

On the issue of the lease, Plaintiff contends that the existence of a lease as between father and son is disputed.  However, he presents no evidence of a written lease.  It seems clear from the facts of record that an oral lease did exist, but that the only term discussed was the monthly rent of $450.  Plaintiff presents no evidence that the lease included a term granting the father/tenant exclusive control of the walkway and/or stairs outside the building where the accident occurred.  Plaintiff states that there was no discussion between father and son with respect to the duty to repair or maintain the walkways or sidewalks or parking lot or any common areas.  This is of no help to Plaintiff.  The lack of discussion between the owner and a new tenant over common areas impliedly means that the owner remains responsible for maintaining those areas.  Also, there is no evidence that the father or any other tenant actually assumed responsibility for repair or maintenance of any of the common areas.

Plaintiff argues that the proper inquiry is to "focus on the question of whether the landlord, the tenant or both owed the duty to the visitor to use ordinary care to keep the premises safe for the visitor."  Pl. Reply at 10.  In this respect, Plaintiff fails to cite any legal authority to the effect that any single tenant has a duty to keep common areas safe for a visitor.  He cites Woolwine v. Furrs, Inc., 106 N.M. 492, 495, 745 P.2d 717, 720 (Ct. App. 1987) for the proposition that the finder of fact may decide that both landlord and tenant share responsibility for breach of the duty to keep the premises safe.  However, Woolwine is inapposite because in that

case there was only one tenant who occupied the entire premises, so the case did not involve

"common areas."  Plaintiff argues that there is no lease provision which releases the tenant from

the duty to keep the premises safe, but the point is that there is no common law duty for a tenant

to keep common areas safe.

I conclude that the motion for summary judgment should be granted in favor of

Defendants Philip Ehly, Sr. and Arlene Ehly.

*Motion To Substitute Party.*  Defendants Philip Ehly, Sr. and Arlene Ehly seek to

substitute Phil Ehly, Inc. as the party Defendant.  They allege that in 1997 Philip Ehly, Sr. formed

this New Mexico corporation to operate his insurance business.  Because these Defendants are

entitled to summary judgment, it is unnecessary for me to decide whether the corporation should

be substituted in their place.  I find, therefore, that this motion is moot.

*Motion For Sanctions.*  Defendants Philip Ehly and Janice Ehly disclosed to Plaintiff that

they would employ the services of an expert, Mr. Ron Feder, but stated that he would not prepare

a report on the issues of liability or causation in the case because he would only testify at a

<u>Daubert</u> hearing on the admissibility of the testimony of Plaintiff's expert, Dr. Wendell Hull.

Plaintiff contends that the failure of these Defendants to produce their expert's written report

violates Fed. R. Civ. P. 26(a)(2)(B), which provides:

> Except as otherwise stipulated or directed by the court, this disclosure shall, with
> respect to a witness who is retained or specially employed to provide expert
> testimony in the case or whose duties as an employee of the party regularly involve
> giving expert testimony, be accompanied by a written report prepared and signed
> by the witness.  The report shall contain a complete statement of all opinions to be
> expressed and the basis and reasons therefor; . . ..

In Plaintiff's view, because Mr. Feder has been employed to provide expert testimony "in the

case," he is subject to the disclosure requirements imposed upon any expert "retained or specifically employed." Plaintiff argues that he is prejudiced by not having Defendants' expert's written report to help him prepare for his own expert's deposition. He also argues that he needs Mr. Feder's written report to help him determine whether he needs to depose Mr. Feder. Plaintiff argues that Defendants intend to avoid cross-examination of their expert witness, and that Plaintiff will be ambushed with a <u>Daubert</u> challenge after discovery closes.

Defendants maintain that subsection (B) quoted above relates to subsection (A) when it refers to "this disclosure." Subsection (A) of Rule 26(a)(2) provides:

> a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.

Fed. R. Evid. 702, 703, and 705 pertain to expert testimony. Because of the use of the words "at trial" in this section of the rule, Defendants argue that it is unnecessary to produce a written expert report for Mr. Feder, who will not testify at trial, but only at an admissibility hearing.

In the interests of fairness and ability to prepare for cross-examination, it makes sense to require a written report from an expert who will testify only at an admissibility hearing. However, I do not find a violation of the rule in this case. Defendants employed Mr. Feder to challenge the qualifications and methodology of Plaintiff's expert to render an opinion at trial on liability and/or causation. As a practical matter, a written report of Mr. Feder's challenge to the opinions of Dr. Hull would have been premature until after the latter's deposition because Dr. Hull's written report was itself preliminary and incomplete. Dr. Hull's deposition was scheduled for a date several weeks before the close of discovery, and then was rescheduled for just a few days before the close of discovery. Defendants contend that "Dr. Hull would not make himself available for

deposition" earlier.  Def. Resp. at 4.  Defendants state that they would have preferred to depose Dr. Hull sooner, which would have allowed their expert time to prepare a written report based upon his observations at that deposition.  Additionally, Defendants state that they made Mr. Feder available for his deposition immediately following the deposition of Dr. Hull.

The contention that Plaintiff needs Defendant's expert's report to prepare for the deposition of his own expert is not accepted.  By now Plaintiff has had the opportunity to depose Mr. Feder, and the motion in limine is fully briefed.  Mr. Feder's affidavit submitted in support of Defendant's motion in limine adequately sets forth his opinions and assures that Plaintiff will not be unfairly "ambushed" at the Daubert hearing.  Therefore, the motion for sanctions will be denied.

*Motion to Amend Answer.*  Defendants seek to amend their Answer to the First Amended Complaint to add a defense of failure to mitigate damages.  This request is based on what Defendants assert is newly-discovered evidence, developed in discovery, that establishes a factual issue as to whether Plaintiff should have been participating in a physical therapy and exercise program during his recovery from the accident.  Under Fed. R. Civ. P. 15, leave to amend "shall be freely given when justice so requires."  If this request had come before the close of discovery, I would have granted it freely.  But at this time I do not believe that justice requires me to allow the amendment.

The evidence presented by Defendants to show that there is a factual issue of failure to mitigate consists of the deposition testimony of three witnesses.  This testimony tends to show that Mr. Henry might benefit from physical therapy and home exercises, and that he has not tried to obtain physical therapy either at his home or in the nearest town.  But the testimony fails to

9

suggest that any treating physician has recommended physical therapy for this 81-year-old man who also suffers from dizzy spells, chronic bronchitis and asthma.

Failure to mitigate damages is a common defense asserted in many personal injury cases. The evidence presented by Defendants in support of this defense is insufficient to submit an instruction to the jury on the issue.  Any further development of this issue would require discovery to be reopened.  Defendants had a full opportunity to develop this defense during discovery.  They have failed to do so, and should not be permitted to raise a new issue at this late date.  Thus, the amendment will not be allowed.

*Motion in Limine.*  Defendants seek to exclude all or part of the testimony of Plaintiff's liability expert, Dr. Wendell Hull.  Defendants argue that Dr. Hull's testimony, as described in his report and in his deposition, fails to fulfill the requirements of Fed. R. Evid. 702 and of <u>Daubert</u>[1] for the admissibility of expert testimony.  Dr. Hull is an accident reconstructionist whose proposed testimony includes, among other things, information on design features of the stairway where Plaintiff fell and his opinion that the negligent design of the stairs, principally the lack of a handrail, caused or contributed to the fall suffered by Plaintiff.

According to the Tenth Circuit, the most common method for district courts to fulfill their gatekeeping function to determine admissibility of an expert's opinion is to hold a hearing on the matter, although such a process is not specifically mandated.  <u>Goebel v. Denver and Rio Grande Western R.R. Co.</u>, 215 F.3d 1083, 1087 (10th Cir. 2000).  I believe this is the best procedure to follow in this case, and have scheduled an admissibility hearing for March 13, 2001 in Las Cruces, New Mexico.

---

[1] <u>Daubert v. Merrill Dow Pharm., Inc.</u>, 509 U.S. 579 (1983).

IT IS THEREFORE ORDERED that the Motion by Defendants Philip Ehly Sr. and Arlene Ehly for Summary Judgment (Doc. No. 23) is hereby GRANTED;

IT IS FURTHER ORDERED that the Motion by Plaintiff for Sanctions - Exclusion of Expert Testimony (Doc. No. 51) is hereby DENIED;

IT IS FURTHER ORDERED that the Motion by Defendant Philip Ehly and Janice Ehly to Amend their Answer to Plaintiff's First Amended Complaint to Recover Damages for Personal Injury (Doc. No. 56) is hereby DENIED;

The motions to substitute (Doc. No. 8) and for extension of time (Doc. No. 40) are moot.

A hearing has been set on Defendants' Motion in Limine.

_____
CHIEF UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:  John E. Keithly, KEITHLY & ENGLISH, Anthony, N.M.

Counsel for Defendants Philip Ehly and Janice Ehly:  William A. Walker Jr., REEVES, CHAVEZ, WALKER & ALBERS, Las Cruces, N.M.

Counsel for Defendants Philip Ehly Sr. and Arlene Ehly:  Lawrence R. White, MILLER, STRATVERT, TORGERSON & SCHLENKER, Las Cruces, N.M.